UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH ASHLINE, CDCR #BW-6808, <br><br> Plaintiff, <br><br> vs. <br><br> S. ROBERTS, Chief Medical Executive, <br><br> Defendant. | Case No.:  25-cv-03243-AJB-KSC <br><br> **ORDER:** <br><br> **(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND** <br><br> **(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff Richard Joseph Ashline is a state inmate proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* ("IFP"). (Doc. Nos. 1–2.)

I.    **Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

1

Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1) & (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1) & (2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official. (Doc. No. 2 at 4.) The document shows he had an average monthly balance of $0.00 and average monthly deposits of $5.00, with an available balance of $0.00. (*Id.*) The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses no initial partial filing fee. *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") Plaintiff is required to pay the $350 filing fee in full pursuant to the installment provisions of 28 U.S.C. § 1915(b)(1).

## II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.    Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous,

malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## B.    Allegations in the Complaint

Plaintiff alleges that on May 25, 2025, while housed at the R.J. Donovan Correctional Facility ("RJD") in San Diego, California, Defendant RJD Chief Medical Executive Roberts "denied my 602 requesting to have surgery done to [have] a hernia repaired sayin[g] do not have a hernia because it doesn't show up on the CT scan. I in fact

have paperwork showing I do have a hernia in my lower ab[d]omen it has been caus[]ing me se[]ver[e] pain s[in]ce mid December until now mid October." (Doc. No. 1 at 3.) Plaintiff claims he has been denied his right to medical care. (*Id.*) Plaintiff seeks monetary damages and an injunction preventing Defendant Roberts from working as a Chief Medical Executive. (*Id.* at 7.)

## C.    Discussion

A denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Gamble*, 429 U.S. at 104). "[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain." *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citation omitted). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Colwell*, 763 F.3d at 1066 (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). To show deliberate indifference, a plaintiff must allege both "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

While Plaintiff has sufficiently alleged a "serious medical need" arising from his asserted hernia and resultant abdominal pain, *see Wilhelm*, 680 F.3d at 1122 ("Plaintiff's hernia was a serious medical need.") (citations omitted), Plaintiff has not plausibly alleged Defendant Roberts showed deliberate indifference to that need. Here, Plaintiff alleges he has "paperwork showing I do have a hernia," but also acknowledges Defendant Roberts concluded Plaintiff "do[es] not have a hernia because it doesn't show up on the CT scan"

4

and on that basis, Defendant Roberts denied Plaintiff's request for surgery. (Doc. No. 1 at 3.) Thus, Plaintiff alleges at most that Defendant Roberts failed to diagnose his hernia or that there was a disagreement between himself and Defendant Roberts as to whether Plaintiff in fact suffered from a hernia and whether surgery was warranted, none of which states a claim under the Eighth Amendment. *See Gamble*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."); *Colwell*, 763 F.3d at 1068 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.") (quotation marks and citation omitted); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("[A] difference of medical opinion . . . cannot support a claim of deliberate indifference.")

Here, Plaintiff contends that Defendant Roberts denied his request for surgery (*see* Doc. No. 1 at 3), but does not indicate what, if any, treatment Defendant Roberts prescribed for his abdominal pain. Nor does Plaintiff allege how Defendant Roberts' failure to approve his request for surgery was "medically unacceptable" such that Plaintiff could potentially state a claim of deliberate indifference. *See Toguchi*, 391 F.3d at 1058 (a claim of deliberate indifference can be sustained in a situation where "the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to (the prisoner's) health.") (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), overruled in part on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc)); *accord Gordon v. County of Orange*, 6 F.4th 961, 970 (9th Cir. 2021). If Plaintiff wishes to proceed with an Eighth Amendment deliberate indifference claim against Chief Medical Executive Roberts, he must set forth factual allegations which plausibly suggest "a *purposeful* act or failure to respond" by Roberts in

the face of Plaintiff's abdominal pain and must also allege "harm caused by that indifference." *Jett*, 439 F.3d at 1096 (emphasis added); *see also Gamble*, 429 U.S. at 106 ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.")

Accordingly, the Eighth Amendment claim in the Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Iqbal,* 556 U.S. at 678.

### D.    Leave to Amend

In light of Plaintiff's *pro se* status, the Court grants him leave to amend to attempt to sufficiently allege a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

## III.    Conclusion and Orders

Accordingly, good cause appearing, the Court:

1)    **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2).

2)    **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

3)    **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4)    **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's

Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated:  January 16, 2026

Hon. Anthony J. Battaglia
United States District Judge

25-cv-03243-AJB-KSC